JEAN E. WILLIAMS
Acting Assistant Attorney General
Jessica M. Held
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 305-0575
Fax: (202) 305-0506
E-mail: Jessica.Held@usdoj.gov
*Attorneys for Defendants*

**IN THE UNITED STATES COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GREATER APPALACHIAN LLAMA AND ALPACA ASSOCIATION et al., | )<br>)<br>)<br>) |
| Plaintiffs, | )  No. 1:20-cv-3106-TJK<br>) |
| v. | )<br>) |
| AURELIA SKIPWITH et al., | )<br>) |
| Defendants. | )<br>) |

## <u>ANSWER</u>

Pursuant to Rules 7(a), 8(b), 12 and 15(a)(3), of the Federal Rules of Civil Procedure,

Defendants answer the allegations in the numbered paragraphs of Plaintiffs' Complaint (ECF

No. 1) ("Complaint") as follows:

1.      Defendants admit the allegations in Paragraph 1.

2.      Defendants admit the allegations in the first sentence of Paragraph 2.  The

allegations in the second sentence of Paragraph 2 constitute Plaintiffs' characterization of their

case to which no response is required.  To the extent a response is required, the Defendants deny the allegations.

3.      Defendants admit the allegations in Paragraph 3.

4.      The allegations in Paragraph 4 constitute Plaintiffs' characterization of their case and legal conclusions to which no response is required.  To the extent a response is required, the Defendants deny the allegations.

5.      The allegations in Paragraph 5 constitute Plaintiffs' characterization of their case and legal conclusions to which no response is required.  To the extent a response is required, the Defendants deny the allegations.  Defendants deny any violation of law.

6.      The allegations in Paragraph 6 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is required, the Defendants deny the allegations.

7.      The allegations in Paragraph 7 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is required, the Defendants deny the allegations.

8.      The allegations in Paragraph 8 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is required, the Defendants deny the allegations.

9.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 9, and on that basis deny the allegations.

10.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in the first, second, and fourth sentences of

Paragraph 10, and on that basis deny the allegations.  Defendants admit the allegations in the third sentence of Paragraph 10.

11.     The allegations in Paragraph 11 are Plaintiffs' characterization of the nature of their claims and contains conclusions of law to which no response is required.  To the extent a response is required, the Defendants deny the allegations.

12.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 12, and on that basis deny the allegations.

13.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 13, and on that basis deny the allegations.

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 14, and on that basis deny the allegations.

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 15, and on that basis deny the allegations.

16.     Defendants admit the allegations in the allegations in the first two sentences of Paragraph 16.  The third sentence of Paragraph 16 constitutes a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations.

17.     Defendants admit the allegations in Paragraph 17.

18.     Defendants admit the allegations in Paragraph 18.

19.     Defendants admit the allegations in Paragraph 19.

20.     Defendants admit the allegations in Paragraph 20.

21.     The allegations in Paragraph 21 constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

22.     The allegations of this paragraph purport to characterize 16 U.S.C. § 742f(a) which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the cited statute is denied.

23.     The allegations of this paragraph purport to characterize the National Wildlife Refuge System Administration Act of 1966, 16 U.S.C. §§ 668dd-668ee (the "Administration Act"), as amended by the National Wildlife Refuge System Improvement act of 1997 (the "Improvement Act"), which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the cited statutes are denied.

24.     The allegations of this paragraph purport to characterize the Administration Act which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the cited statute is denied.

25.     The allegations of this paragraph purport to characterize the Refuge Recreation Act of 1962, 16 U.S.C. §§ 460k-460k-4 ("Recreation Act") which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the cited statute is denied.

26.     The allegations of this paragraph purport to characterize the Recreation Act and the Administration Act, which speak for themselves and provide the best evidence of their

contents.  Any allegations contrary to the plain language, meaning, and context of the cited statutes are denied.

27.     The allegations of this paragraph purport to characterize the Alaska National Interest Lands Conservation Act ("ANILCA"), 43 C.F.R. § 36.11, and 43 C.F.R. § 36.42, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the cited statutes are denied.

28.     The allegations of this paragraph purport to characterize the National Environmental Policy Act ("NEPA") and 40 C.F.R. § 1506.6, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the cited statutes are denied.

29.     The allegations of this paragraph purport to characterize the Administrative Procedure Act ("APA") which speaks for itself and provides the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the cited statute is denied.

30.     The allegations of this paragraph purport to characterize the APA which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the cited statute are denied.

31.     The allegations of this paragraph purport to characterize the APA which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the cited statute are denied.

32.     Defendants admit the allegations in Paragraph 32.

33.     Defendants admit the allegations in the first Paragraph of 33.  The allegations in the second sentence of Paragraph 33 constitute legal conclusions to which no response is

required.  To the extent a response is required, the allegations are denied.  The allegations in

the third sentence of Paragraph 33 purport to characterize the 1998 Comprehensive

Conservation Plan ("1988 CCP"), which speaks for itself and provides the best evidence of

its contents.  Any allegations contrary to the plain language, meaning and context of the cited

document is denied.

34.     Defendants admit the allegations in Paragraph 34.

35.     Defendants admit the allegations in Paragraph 35.

36.     Defendants admit the allegations in the first sentence of Paragraph 36.  The

allegations in the second sentence of Paragraph 36 purport to characterize the 2011 Proposed

CCP, which speaks for itself and provides the best evidence of its contents.  Any allegations

contrary to the plain language, meaning, and context of the cited document are denied.

37.     The allegations in this paragraph purport to characterize the 2011 Proposed

CCP, which speaks for itself and provides the best evidence of its contents.  Any allegations

contrary to the plain language, meaning, and context of the cited document are denied.

38.     In response to the allegations in the first sentence of Paragraph 38,

Defendants admit that after review of the 2011 Proposed CCP, the Service issued a

revised/final CCP for the ANWR in 2015.  The remainder of the allegations in this paragraph

purport to characterize the 2015 CCP, which speaks for itself and provides the best evidence

of its contents.  Any allegations contrary to the plain language, meaning, and context of the

cited document are denied.

39.     The allegations in this paragraph purport to characterize the 2015 CCP, which

speaks for itself and provides the best evidence of its contents.  Any allegations contrary to

the plain language, meaning, and context of the cited document are denied.

40.     Defendants admit the allegations in the first sentence of Paragraph 40.  The allegations in the second sentence of Paragraph 40 are too vague and insufficiently specific to form a response as to the terms "significant change" and "formal" and on that basis are denied.

41.     Defendants admit the allegations in the first sentence of Paragraph 41.  The allegations in the second and third sentences of Paragraph 41 purport to characterize comments received on the 2011 CCP, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the cited documents are denied.

42.     Defendants admit the allegations in the first paragraph of 42.  The allegations in the second sentence of Paragraph 42 are too vague and insufficiently specific to form a response as to the terms "request" and "camelid prohibition" and on that basis are denied.

43.     The allegations in this paragraph purport to characterize the 2015 Record of Decision, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the cited document are denied.

44.     The allegations in this paragraph purport to characterize 50 C.F.R. § 71 (the "Rule"), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the cited document are denied.

45.     Defendants deny the allegations in Paragraph 45.

46.     The allegations in the first sentence of Paragraph 46 are too vague and insufficiently specific to form a response as to the terms "notification," and "llama user group" and on that basis are denied.  Defendants lack knowledge or information sufficient to

form a belief as to the truth of the factual allegations contained in the second sentence of Paragraph 46, and on that basis deny the allegations.

47.     The allegations in the first sentence of Paragraph 47 constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied. Defendants admit the allegations in the second sentence of Paragraph 47.

48.     Defendants admit the first and third sentence of Paragraph 48.  The allegations in the second sentence of Paragraph 48 are too vague and insufficiently specific to form a response as to the terms "COVID related delays" and on that basis are denied.

49.     The allegations in the first sentence of Paragraph 49 are too vague and insufficiently specific to form a response as to the terms "llama community" and "numerous" and on that basis are denied.  Defendants admit allegations in the second sentence of Paragraph 49. Defendants deny the allegations in the third sentence of Paragraph 49.

50.     Defendants admit the Service held a public hearing on May 13, 2020.  Defendants deny the remaining allegations in Paragraph 50.

51.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in the first and second sentences of Paragraph 51, and on that basis deny the allegations.  Defendants deny the allegations in the third sentence of Paragraph 51.

52.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 52, and on that basis deny the allegations.

53.     Defendants deny the allegations in Paragraph 53.

54.     Defendants admit the allegations in the first sentence of Paragraph 54.  In response to the allegations in the second sentence of Paragraph 54, Defendants admit that the Rule prohibits the use of camelids in the ANWR.  Defendants deny the remaining allegations in the second sentence of Paragraph 54.

55.     Paragraph 55 constitutes legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

56.     Paragraph 56 constitutes legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

57.     Paragraph 57 constitutes legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

58.     The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

59.     The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

60.     The allegations in the first sentence of Paragraph 60 are too vague and insufficiently specific to form a response as to the term "relied primarily" and on that basis are denied.  The allegations in the second sentence of Paragraph 60 are denied.  The allegations in the third sentence of Paragraph 60 purports to characterize certain scientific studies, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the cited documents are denied.

61.     The allegations in this paragraph purports to characterize a scientific study which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the cited document are denied.

62.     The allegations in this paragraph purports to characterize a scientific study which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the cited document are denied.

63.     The allegations in this paragraph purports to characterize a scientific study which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the cited document are denied.

64.  The allegations in this paragraph are too vague and insufficiently specific to form a response as to the terms "serve as the basis," "highly regarded," and "rejected the validity" and on that basis are denied.

65.     The allegations in this paragraph purport to characterize publications by Dr. Murray Fowler and Dr. LaRue Johnson which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the cited documents are denied.

66.     The allegations in this paragraph purports to characterize studies by Dr. William Foreyt which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the cited documents are denied.

67.     Defendants deny the allegations in the first sentence of Paragraph 67.  The allegations in the second sentence of this paragraph are too vague and insufficiently specific

to form a response as to the terms "reference basis" and "minimized" and on that basis are denied.

68.     Paragraph 68 constitutes legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

69.     The allegations in this paragraph purports to characterize a scientific study which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the cited document are denied.

70.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 70, and on that basis deny the allegations.

71.     Defendants admit the allegations in the second sentence of Paragraph 71.  The remaining allegations in Paragraph 71 purport to characterize a policy statement which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the cited document are denied.

72.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in the first sentence of Paragraph 72, and on that basis deny the allegations.  Defendants deny the allegations in the second sentence of Paragraph 72.

73.     The allegations in Paragraph 73 are too vague and insufficiently specific to form a response as to the terms "consult" and "llama veterinary research community" and on that basis are denied.

74.     The allegations in this paragraph purport to characterize the documents on which the Service relied upon in issuing the Rule, which speak for themselves and provide

the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the cited documents are denied.

75.     The first sentence of Paragraph 75 purports to characterize Risk Assessments which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the cited documents are denied.  The remainder of the allegations in this paragraph constitute legal conclusions to which no response is required, to the extent a response is required, the allegations are denied.

76.     Paragraph 76 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

77.     Paragraph 77 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

78.     Paragraph 78 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

79.     Paragraph 79 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

80.     Paragraph 80 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

81.     The first sentence of Paragraph 81 consists of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  The second sentence of Paragraph 81 purports to characterize certain scientific documents which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the cited documents are denied.

82.     Paragraph 82 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

83.     Paragraph 83 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

84.     Paragraph 84 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

85.     Paragraph 85 purports to characterize the Rule and comments on the Rule, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the cited documents are denied.

86.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 86, and on that basis deny the allegations.

87.     Paragraph 87 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

88.     Defendants incorporate by reference their responses to Paragraphs 1 through 87, above.

89.     Paragraph 89 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

90.     Paragraph 90 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.  Defendants deny any violations of law.

91.     Paragraph 91 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.  Defendants deny any violations of law.

92.     Paragraph 92 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.  Defendants deny any violations of law.

93.     Defendants incorporate by reference their responses to Paragraphs 1 through 92, above.

94.     Paragraph 94 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

95.     Paragraph 95 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.  Defendants deny any violations of law.

96.     Paragraph 96 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.  Defendants deny any violations of law.

97.     Paragraph 97 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.  Defendants deny any violations of law.

98.     Paragraph 98 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.  Defendants deny any violations of law.

99.     Paragraph 99 consists of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.  Defendants deny any violations of law.

100.    Paragraph 100 consists of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  Defendants deny any violations of law.

101.    Paragraph 101 consists of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  Defendants deny any violations of law.

102.    Paragraph 102 consists of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  Defendants deny any violations of law.

103.    Defendants incorporate by reference their responses to Paragraphs 1 through 102, above.

104.    Paragraph 104 consists of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

105.    Paragraph 105 consists of Plaintiffs' characterization of their claims to which no response is required.  To the extent a response is required, the allegations are denied.

106.    Paragraph 106 purports to characterize the 43 C.F.R. § 36.11(a), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the cited regulation are denied.

107.    Paragraph 107 purports to characterize the 43 C.F.R. § 36.11(h)(1), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the cited regulation are denied.

108.    Paragraph 108 consists of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

109.    Paragraph 109 purports to characterize the 43 C.F.R. § 36.11(ii)(3), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the cited regulation are denied.

110.    Defendants deny the allegations in Paragraph 110.

111.    Defendants deny the allegations in Paragraph 111.

112.    Defendants incorporate by reference their responses to Paragraphs 1 through 111, above.

113.    Paragraph 113 consists of conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

114.    Paragraph 114 consists of Plaintiffs' characterizations of their claims to which no response is required.  To the extent a response is required, the allegations are denied.

115.    Defendants deny the allegations in Paragraph 115.

116.    Defendants deny the allegations in Paragraph 116.

## **PRAYERS FOR RELIEF**

The remainder of the Complaint constitutes Plaintiffs' request for relief, to which no response is required.  To the extent a response may be deemed required, Defendants deny that Plaintiffs are entitled to the relief sought or to any form of relief.

## GENERAL DENIAL

Defendants deny any allegations of the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

1.  The Court may lack subject matter jurisdiction over Plaintiffs' claim.

2.  Plaintiffs may lack standing.

3.  Plaintiffs fail to state a claim upon which relief may be granted.


February 8, 2021                                    Respectfully submitted,


                                                    JEAN E. WILLIAMS
                                                    Acting Assistant Attorney General
                                                    Environment & Natural Resources Division

                                                    By  /s/ *Jessica M. Held*
                                                    Jessica M. Held
                                                    United States Department of Justice
                                                    Environment & Natural Resources Division
                                                    Natural Resources Section
                                                    P.O. Box 7611
                                                    Washington, D.C. 20044-7611
                                                    Tel: (202) 305-0575
                                                    Fax: (202) 305-0506
                                                    E-mail: Jessica.Held@usdoj.gov

                                                    *Attorneys for the United States*